ILND 44 (Rev. 07/10/17)

# CIVIL COVER SHEET

The ILND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(See instructions on next page of this form.)*

## I. (a) PLAINTIFFS
Certain Underwriters at Lloyd's, London Subscribing Severally to Policy No. CJ10030316

(b) County of Residence of First Listed Plaintiff **London**
*(Except in U.S. plaintiff cases)*

(c) Attorneys *(firm name, address, and telephone number)*
Walker Wilcox Matousek LLP
1 North Franklin St., Suite 3200, Chicago, IL 60606
312-244-6700

## DEFENDANTS
Wexford Health Sources, Inc., The Bantry Corp. dba Wexford Health Sources, Inc., et al.

County of Residence of First Listed Defendant **Allegheny, Pennsylvania**
*(In U.S. plaintiff cases only)*
Note: In land condemnation cases, use the location of the tract of land involved.

Attorneys *(if known)*

## II. BASIS OF JURISDICTION *(Check one box, only.)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government not a party)*
- ☒ 4 Diversity *(Indicate citizenship of parties in Item III.)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only.)*
*(Check one box, only for plaintiff and one box for defendant.)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Check one box, only.)*

| CONTRACT | TORTS | | PRISONER PETITIONS | LABOR | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 710 Fair Labor Standards Act | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 530 General | ☐ 720 Labor/Management Relations | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 540 Mandamus & Other | ☐ 751 Family and Medical Leave Act | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 555 Prison Condition | ☐ 791 Employee Retirement Income Security Act | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 560 Civil Detainee – Conditions of Confinement | | ☐ 460 Deportation |
| ☐ 153 Recovery of Veteran's Benefits | ☐ 350 Motor Vehicle | | | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **PERSONAL PROPERTY** | | **PROPERTY RIGHTS** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 370 Other Fraud | | ☐ 820 Copyrights | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 371 Truth in Lending | | ☐ 830 Patent | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 380 Other Personal Property Damage | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 890 Other Statutory Actions |
| | | ☐ 385 Property Damage Product Liability | | ☐ 840 Trademark | ☐ 891 Agricultural Acts |
| | | | | | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| | | | | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **BANKRUPTCY** | **FORFEITURE/PENALTY** | **SOCIAL SECURITY** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 861 HIA (1395ff) | |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 423 Withdrawal 28 USC 157 | | ☐ 862 Black Lung (923) | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | | ☐ 690 Other | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | | | ☐ 864 SSID Title XVI | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | **IMMIGRATION** | | ☐ 865 RSI (405(g)) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 462 Naturalization Application ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) ☐ 465 Other Immigrant Actions | | **FEDERAL TAXES** ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS—Third Party 26 USC 7609 | |
| | ☐ 448 Education | | | | |

## V. ORIGIN *(Check one box, only.)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation
- ☐ 8 Multidistrict Litigation Direct File

## VI. CAUSE OF ACTION (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)
28 U.S.C. §§ 2201 and 2202 and F.R.C.P. 57; Declaratory Relief

## VII. Previous Bankruptcy Matters (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)

## VIII. REQUESTED IN COMPLAINT:
☐ Check if this is a class action under Rule 23, F.R.CV.P.
DEMAND $
Check Yes only if demanded in complaint.
JURY DEMAND: ☐ Yes ☒ No

## IX. RELATED CASE(S) IF ANY *(See instructions)*
Judge
Case Number

X. Is this a previously dismissed or remanded case? ☐ Yes ☒ No. If yes, Case # Name of Judge

Date: June 25, 2018
Signature of attorney of record

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, )<br>LONDON SUBSCRIBING SEVERALLY )<br>TO POLICY NO. CJ10030316, )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　)<br>vs. )<br>　　　　　　　　　　　　　　　　)<br>WEXFORD HEALTH SOURCES, INC.; THE )<br>BANTRY CORPORATION d/b/a WEXFORD )<br>HEALTH SOURCES, INC.; DR. FRANCIS )<br>KAYIRA; JASMINE MURILLO, AS )<br>GUARDIAN OF THE ESTATE OF MARIO )<br>RAMIREZ, )<br>　　　　　　Defendants. )<br>　　　　　　　　　　　　　　　　/ | **Case No.** _____ |

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Certain Underwriters at Lloyd's, London Subscribing Severally to Policy No. CJ10030316 ("Underwriters"), and for their Complaint for Declaratory Judgment against Defendants Wexford Health Sources, Inc. ("Wexford"), The Bantry Corporation d/b/a Wexford Health Sources, Inc. ("Bantry"); Dr. Francis Kayira, and Jasmine Murillo, as Guardian of the Estate of Mario Ramirez ("Murillo"), allege as follows:

## I.　　NATURE OF ACTION

1.　This is an insurance coverage action seeking declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rule of Civil Procedure. Underwriters seek a determination of the parties' rights and obligations under Policy No. CJ10030316 (hereinafter the "Policy") issued by Underwriters to Wexford and Bantry.

2. Murillo has filed an action against Wexford, Bantry, and Dr. Kayira in the U.S District Court for the Central District of Illinois, Case No. 17-cv-03181-MMM asserting claims for § 1983 violations, negligence, and willful and wanton conduct (the "*Murillo* Lawsuit").

3. The Policy is an excess Healthcare Entity Professional Liability insurance policy with limits of $5,000,000 per occurrence and $5,000,000 in the aggregate, in excess of $3,000,000 per occurrence and $10,000,000 in the aggregate.

4. The Policy contains a duty to pay sums for covered claims upon exhaustion of underlying insurance, and also contains a duty to defend covered claims upon exhaustion of the underlying insurance.

5. The Policy contains a CLAIMS MADE AND REPORTED ENDORSEMENT which provides that the Policy applies only if a claim is first made and reported in writing during the period of the Policy. The Policy period was from December 1, 2016 at 12:01 a.m. until December 1, 2017 at 12:01 a.m.

6. The *Murillo* Lawsuit was filed on April 13, 2017 and served on Wexford on April 20, 2017. Murillo filed a First Amended Complaint on November 21, 2017.

7. Despite being served with the Complaint on April 20, 2017, Wexford did not report the claim in writing to Underwriters until December 1, 2017 at 8:39 a.m., after the deadline for reporting claims had expired.

8. Underwriters seek a declaration that the Policy does not provide any coverage for the claims asserted in the *Murillo* Lawsuit because the claim was not reported within the Policy period.

## II. PARTIES

9. Plaintiffs are those Lloyd's Underwriters who are members of Brit Syndicate 2987, which severally subscribed to Policy No. CJ10030316. Syndicate 2987 is capitalized by a single corporate capital provider, Brit Syndicates Limited. Brit Syndicates Limited is incorporated under the laws of England and Wales and maintains its principal place of business in London, England.

10. Defendant Wexford is a Pennsylvania corporation with a principal place of business in Pittsburgh, Pennsylvania.

11. Defendant Bantry is a Florida corporation with a principal place of business in Pittsburgh, Pennsylvania.

12. Defendant Dr. Kayira is a citizen of the United States and a resident of the State of Illinois.

13. Defendant Murillo is a citizen of the United States and a resident of the City of Chicago, County of Cook and State of Illinois.

## III. JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of England and Wales on the one hand and citizens of Pennsylvania, Florida, and Illinois on the other.

15. An actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201 with respect to Underwriters' obligation, if any, to defend and indemnify Wexford, Dr. Kayira and Bantry against the claims asserted in the First Amended Complaint. Murillo has an interest in the subject of this action because she may expect there to be coverage of any judgment against Wexford, Dr. Kayira and/or Bantry from Underwriters and is so situated that adjudication

of the action in her absence may leave Underwriters subject to a risk of incurring double, multiple, or otherwise inconsistent obligations, pursuant to F.R.C.P. 19(a)(1)(B)(ii).

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the alleged wrongful acts by Wexford, Dr. Kayira and Bantry occurred in Illinois, all Defendants can be found in Illinois, and Wexford and Murillo can be found in the Northern District of Illinois.

## IV. STATEMENT OF CLAIM

### A. The Policy

17. Underwriters issued the Policy to Wexford with a period of December 1, 2016 at 12:01 a.m. to December 1, 2017 at 12:01 a.m. *See* Policy attached as Exhibit 1.

18. The Policy lists Bantry as an additional insured.

19. The Policy's Healthcare Entity Professional Liability/Entity Medical Professional Liability coverage has limits of $5,000,000 per claim and $5,000,000 in the aggregate in excess of $5,000,000 per claim and $10,000,000 in the aggregate in coverage provided by the underlying policy issued by Coverys.

20. The Policy's CLAIMS MADE AND REPORTED ENDORSEMENT provides:

> This endorsement modifies insurance provided under the following:
>
> EXCESS LIABILITY POLICY
>
> This insurance shall follow the insuring agreement, exclusions, definitions, conditions and any limitations of the "underlying insurance" listed in the Schedule of Underlying Insurance as <u>Coverys</u> provided always that:
>
> 1. This insurance applies only if a claim is first made and reported in writing during the "policy period" of this policy.

21. Upon information and belief, the underlying insurance policy issued by Coverys has not yet been exhausted and accordingly Underwriters' defense and/or indemnity obligations under the Policy have not been potentially triggered.

### B. The *Murillo* Lawsuit

22. Murillo filed her original Complaint on April 13, 2017 against Graham Correctional Center, Illinois Department of Corrections, Wexford, and Dr. Kayira. *See* Complaint at Law attached as Exhibit 2. Wexford was served with the Complaint on April 20, 2017. *See* Proof of Service attached as Exhibit 3.

23. The original Complaint asserted a § 1983 Civil Rights Claim against Wexford (Count I); a § 1983 Civil Rights Claim against Dr. Kayira (Count II); a negligence claim against Wexford (Count III); a negligence claim against Dr. Kayira (Count IV); a willful and wanton conduct claim against Wexford (Count V); and a willful and wanton conduct claim against Dr. Kayira (Count VI).

24. Murillo filed a First Amended Complaint at Law on November 21, 2017. It contained the identical counts and substantive allegations as the original Complaint, but added Bantry and dropped the Graham Correctional Center and Illinois Department of Corrections as Defendants. *See* First Amended Complaint at Law attached as Exhibit 4.

25. The First Amended Complaint alleges that Mario Ramirez was incarcerated at Graham Correctional Center ("Graham") in Hillsboro, Illinois, and that Wexford and Bantry provided health services to inmates at Graham pursuant to a contract with the Illinois Department of Corrections. *See* Exhibit 4 at Count I, ¶ 2 and 9.

26. The First Amended Complaint alleges that in May 2015 Mario Ramirez experienced symptoms and/or signs of hypovolemia and such signs and symptoms continued into June 2015. *Id.* at Count I, ¶ 21. The First Amended Complaint further alleges that Mario Ramirez was deprived of necessary medical treatment, which resulted in sepsis and necrosis leading to anoxic brain injury and leaving Mr. Ramirez in a persistent vegetative state. *Id.* at Count I, ¶ 22.

27. The First Amended Complaint alleges that Wexford and Bantry regularly and systematically compromised care of patients at Graham in order to increase profit. *Id.* at Count I, ¶ 20.

28. The First Amended Complaint alleges that Dr. Kayira failed to properly and adequately diagnose, treat and/or provide medical treatment to Mario Ramirez on and after May 23, 2015. *Id.* at Count II, ¶ 9. The First Amended Complaint further alleges that Dr. Kayira failed to exercise the degree of knowledge, skill, and care possessed by a reasonably well-qualified physician in the community by failing to provide proper and adequate medical care to Mario Ramirez and these failures led to Mario Ramirez being in a persistent vegetative state. *Id.* at Count IV, ¶¶ 8-10.

29. The First Amended Complaint alleges that Wexford and Bantry willfully and wantonly failed to provide reasonable medical services to Mario Ramirez through its agents, including Dr. Kayira, and Mario Ramirez has sustained significant injuries as a result of these willful and wanton acts and/or omissions. *Id.* at Count V, ¶ 17 and Count VI, ¶ 13.

**C. Claim Reporting**

30. The Policy provides as follows:

> IN THE EVENT OF A CLAIM, PLEASE NOTIFY THE FOLLOWING:
>
> Professional Claims Managers, Inc.
> Attention: Troy Scott
> 8401 N. Central Expressway, Suite 900
> Dallas, TX 75225
> Phone: 1-800-557-0797
> FAX: 1-469-249-6947
> Troy_Scott@westernlitigation.com

*See* Exhibit 1 at Declarations Page.

31. The original Complaint was filed on April 13, 2017. *See* Exhibit 1. The Complaint was served on Wexford on April 20, 2017. *See* Exhibit 2.

32. Underwriters were never given notice of or otherwise learned of the original Complaint.

33. The First Amended Complaint was filed on November 21, 2017. *See* Exhibit 4.

34. On information and belief, at 3:09 PM on Wednesday, November 29, 2017 Joe Ebbitt, Wexford's Risk Management Director, sent an e-mail purporting to report the claim to Wexford's broker and to the email address Scott@westernlitigation.com. *See* e-mail chain attached as Exhibit 5.

35. Underwriters never received the November 29, 2017 attempted e-mail, because Scott@westernlitigation.com is a non-existent email address. Underwriters never received notice via mail or fax, or otherwise learned of the claim prior to December 1, 2017.

36. On information and belief, Mr. Ebbitt sent another e-mail at 8:39 AM on December 1, 2017. This e-mail was directed to Ms. Erica Bachmann of Western Litigation and Mr. Mike Davis of Brit Insurance. Neither Ms. Bachmann nor Mr. Davis are identified as recipients of notice in the Policy, but they informed Mr. Scott. This email was Underwriters' first notice of the claim. It was received eight hours and thirty-eight minutes after the Policy had expired. *See* Exhibit 5.

37. Wexford failed to report this claim in compliance with the terms of the CLAIMS MADE AND REPORTED ENDORSEMENT.

38. The CLAIMS MADE AND REPORTED ENDORSEMENT states that coverage applies only to claims first made and reported in writing during the "policy period," December 1, 2016 at 12:01 a.m. to December 1, 2017 at 12:01 a.m.

39. Wexford did not report the claim in writing during the "policy period," and therefore, there is no coverage under the Policy.

## V. COUNT I

### DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201
### NO DUTY TO DEFEND AND/OR INDEMNIFY UNDER POLICY
### (CLAIMS MADE AND REPORTED ENDORSEMENT)

40. Underwriters incorporate and re-allege the allegations in paragraphs 1 through 39 as if fully set for the herein.

41. The Policy's coverage "applies only if a claim is first made and reported in writing during the "policy period" of this policy."

42. The "policy period" is December 1, 2016 at 12:01 a.m. to December 1, 2017 at 12:01 a.m.

43. The Policy provides that in the event of a claim, notification should be made to Troy Scott at Troy_Scott@westernlitigation.com.

44. Wexford was served with the Complaint on April 20, 2017.

45. The First Amended Complaint was filed on November 21, 2017.

46. Wexford did not provide notice to Underwriters until on December 1, 2017 at 8:39 a.m., after the Policy had expired.

47. Wexford failed to report this matter in accordance with the CLAIMS MADE AND REPORTED ENDORSEMENT.

48. Thus, Underwriters respectfully requests a declaration that it has no duty to defend and/or indemnify Wexford, Bantry, or Dr. Kayira, or make payments for any costs, settlement or judgment in the Murillo action.

# DEMAND FOR JUDGMENT

WHEREFORE, Underwriters respectfully request that the Court enter a judgment (i) declaring that Underwriters have no duty to defend and/or indemnify Wexford, Bantry, or Dr. Kayira due to the failure to report the claim in accordance with the CLAIMS MADE AND REPORTED ENDORSEMENT, (iii) determining that Underwriters have no duty under the Policy to make any payments to Ms. Murillo for any amounts awarded or owed as a result of the claims she has asserted against Wexford, Bantry, and Dr. Kaiyira, (iv) awarding Underwriters their costs incurred herein, and (v) providing Underwriters such other and further relief as the Court deems appropriate and just.

Dated: June 25, 2018

Respectfully submitted,

WALKER WILCOX MATOUSEK LLP

By: /s/ Neil E. Holmen

By: /s/ Robert P. Arnold

By: /s/ Christopher J. Shannon

Neil E. Holmen, Esq.
Robert P. Arnold, Esq.
Christopher J. Shannon, Esq.
Walker Wilcox Matousek, LLP
One North Franklin Street, Suite 3200
Chicago, IL 60606
Telephone: (312) 244-6700
Facsimile: (312) 244-6800
*Attorneys for Plaintiff Certain Underwriters at Lloyd's, London Subscribing Severally to Policy No. CJ10030316*